UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        CASE NO.:   06-15167

vs.                                  DISTRICT JUDGE DAVID M. LAWSON

                                       MAGISTRATE JUDGE MONA K. MAJZOUB

JAMONTY C. WASHINGTON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes to the Court on Defendant's Requests for a hearing with regard to Plaintiff's garnishment of funds from his employer, Chrysler, LLC.  (Docket nos. 43 and 44.)  Defendant filed a Response, asserting that Plaintiffs' request for a hearing should be denied.   This matter has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).   The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f) and is now ready to make its recommendation.

**I.  RECOMMENDATION:**

For the reasons discussed herein, Plaintiff's Requests for a Hearing [43 and 44] should be DENIED.

**II.  REPORT:**

On November 17, 2006, Plaintiff filed a Complaint against Defendant alleging that he had defaulted on student loan payments.  (Docket no. 1.)  On December 7, 2006, the Parties entered into a consent judgment whereby Plaintiff was required to make monthly payments in the amount

1

of $200.00 to satisfy his then-outstanding balance of $15,680.65. (Docket no. 4.) Plaintiff did not comply with the requirements of the judgment. (Docket no. 6.)

Beginning in May of 2007, Defendant began garnishment collections from various entities, including the Michigan Department of Treasury, TFC National Bank, and the Christian Union Missionary Baptist Church. (*See* docket nos. 13, 14, and 15.) Defendant requested a hearing with regard to these writs of garnishment, which was held in front of Judge David M. Lawson on September 24, 2007. (*See* docket nos. 21, 22, 23, and 24.) Plaintiff asserted that he could not afford the garnishment due to financial hardship, but the Court found "no grounds to interrupt the writs." (Docket no. 26.)

In October of 2007, Plaintiff petitioned the Court for an order to show cause why Garnishee Christian Union Missionary Baptist Church had not responded to Plaintiff's writ of garnishment. (Docket no. 27.) The Court ordered the Church to show cause, but before the show-cause hearing, the parties reached an agreement. (*See* docket no. 28.) In dismissing its Order to Show Cause, the Court noted that Plaintiff had again agreed to make $200.00-per-month installment payments on his debt. (*Id.*) Plaintiff again defaulted on his obligation.

On September 17, 2014, Plaintiff issued a Writ of Continuing Garnishment on Plaintiff's employer, Chrysler, LLC. (Docket no. 42.) Through his request for hearing, Plaintiff again asserts financial hardship. (Docket nos. 43 and 44.) He also alleges "wages & partnership property" and attaches to his request a state-law exemption checklist. (Docket no. 44.) Defendant asserts that because "financial hardship" is not grounds for relief from garnishment, and because Plaintiff has not explained how his wages could be considered partnership properly, a hearing on this matter would be "a waste [of] judicial time and resources." (Docket no. 47 at 2-3.)

2

The undersigned agrees. Plaintiff has repeatedly shown that he is unable to comply with any judicial order with regard to payment of his debts. Moreover, to the extent that Defendant seeks a new payment plan, Plaintiff "welcomes the opportunity to discuss the matter with Defendant, and invites Defendant to contact its attorneys to discuss the possibility of reducing the current amount of withholding from [his] weekly pay check." (*Id.* at 3.) Therefore, Plaintiff's request for a hearing should be denied.

### III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must

specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   March __. 2015            s/ Mona K. Majzoub
                                                            MONA K. MAJZOUB
                                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:   March __. 2015            s/ Lisa C. Bartlett
                                                            Case Manager